Argued and submitted March 25, affirmed in part;
reversed in part, and remanded June 29, 1981

In the Matter of the Compensation
of Sharon S. Webster, Claimant.

WEBSTER,
*Petitioner,*

*v.*

STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Respondent.*

(WCB No. 79-10,543, CA 19497)

630 P2d 375

Robert K. Udziela, Portland, argued the cause for petitioner. With him on the brief was Pozzi, Wilson, Atchison, Kahn & O'Leary, Portland.

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, argued the cause for respondent. With him on the brief were K. R. Maloney, General Counsel, and James A. Blevins, Chief Trial Counsel, State Accident Insurance Fund Corporation, Salem.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

The only issue in this Workers' Compensation case is whether claimant has proven a worsening (aggravation) of her compensable psychiatric condition since her last arrangement of compensation.[1] The referee granted claimant temporary total disability benefits because SAIF failed to act on her claim, allowed her a penalty, ORS 656.262(8), and attorney fees, ORS 656.382(1), but denied her aggravation claim. The Workers' Compensation Board (Board), with one member dissenting, affirmed, adopting the referee's opinion and order. Claimant seeks judicial review; we reverse the denial of the aggravation claim and remand for further proceedings.

Claimant's psychiatric disability has been determined previously to be compensable, resulting in an award of 30 percent unscheduled permanent disability, which was affirmed by this court. *Webster v. SAIF,* 45 Or App 873, 609 P2d 430 (1981). Since her last award, October 13, 1978, claimant's condition has worsened; she has become more withdrawn and has experienced more delusional and suicidal ruminations than she had experienced prior to the last determination. Her condition required that she be hospitalized for severe depressive neurosis: twice in April, 1979, once in September, 1979, and again in January, 1980. Numerous combinations of medications prescribed for her met with little success. During claimant's last two hospitalizations, she received electroconvulsive shock treatment, a treatment never before given her, after her treating physician, Dr. Petroske, brought in a consultant, Dr. Ball, and after the risk factors involved in such treatment were discussed with claimant and her husband. She underwent a course of three electroconvulsive shock treatments, after which Dr. Petroske expressed the opinion, on October 23, 1979, that claimant showed a "noticeable improvement in her mood state" but experienced a "moderate amount of post ECT confusion." On December 10, 1979, that doctor stated:

---

[1] ORS 656.273(1) provides:

"(1) After the last award or arrangement of compensation, an injured worker is entitled to additional compensation, including medical services, for worsened conditions resulting from the original injury."

"Mrs. Webster had a worsening of her condition, a severe depressive reaction, that was a result of her injury at work. She was unable to work because of a worsening of the depression which had become so severe that she required hospitalization and even a course of electroshock treatment.

"Mrs. Webster was hospitalized for treatment of her worsened condition namely due to an increase in the severity of the depression.

"In my opinion, she is currently unable to work."

The medical records reveal that by late January, 1980, claimant had retrogressed, had become very depressed and preoccupied with suicide. Additional electroshock treatment was discussed with Dr. Ball, after which claimant agreed to a series of two further treatments. Following those treatments, she began to show "marked improvement in her mood state" and was discharged from the hospital on February 8, 1980, with prescribed medication.

A request for hearing on the aggravation claim was filed in December, 1979; the hearing was held on April 21, 1980, following our opinion on review of the original claim. On the record then before us, we concurred in the Board's determination that claimant was not permanently and totally disabled, and affirmed the award of 30 percent unscheduled permanent disability. *Webster v. SAIF, supra,* 45 Or App at 878. Although the referee had concluded in the first hearing that claimant was permanently and totally disabled, he concluded in the second hearing, after we affirmed the Board's determination reducing the award, that the record did not support a worsening of her condition because there was no evidence of a "pathological change." The referee also stated there was "no evidence of any greater loss of earning capacity from the time loss of the last award." Claimant had not worked from the original compensable injury in December, 1973, until the time of the first hearing, and still had not worked at the time of the second hearing.[2]

In dissenting from the Board's adoption of the referee's order, then Chairman Wilson stated:

[2] There is no contention that claimant is malingering.

"The uncontradicted medical evidence establishes a worsened condition resulting from the industrial injury. The Referee bases his denial on a failure to show a 'pathological' change. The law does not require such proof; indeed, it would be a rare finding in cases such as this involving psychological illness. To establish an aggravation claim, it is only necessary to show a worsened condition from the industrial injury. This has been established by the treating doctor's medical opinion that the claimant's condition had deteriorated to the point that she had become increasingly psychotic and needed inpatient hospitalization and electroshock treatment, a type of treatment never before given to her.

"The Referee also requires a showing of greater loss of earning capacity than awarded at last closure. This test only applies when the extent of disability is again determined and is not a necessary consideration in determining whether an aggravation has occurred."

We agree with that analysis. The medical evidence since the prior determination clearly shows that claimant's condition has worsened to the extent that she has undergone a series of shock treatments recommended by two medical doctors, a major procedure which had not been prescribed earlier. We conclude that the record supports the claim of a worsening of claimant's underlying psychiatric condition.

We hold that claimant has carried her burden of proving an aggravation. We reverse the denial of the aggravation claim and remand for further proceedings.

Affirmed in part; reversed in part, and remanded.